

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE**
**50 WALNUT STREET, P.O. BOX 419**
**NEWARK, NJ 07101-0419**
**(973) 645-6340**

**WILLIAM J. MARTINI**
**JUDGE**

April 29, 2005

## LETTER OPINION

**VIA REGULAR MAIL**

L'Abbate, Balkan, Colavita & Conti, L.L.P.
Arthur Bromberg, Esq.
7 Regent Street, Suite 711
Livingston, NJ 07039

    *(Attorneys for Plaintiff Alea North America Insurance Company)*

Commisa & Campanile, P.C.
Carmine D. Campanile, Esq.
600 South Livingston Ave., Suite 206
Livingston, NJ 07039

    *(Attorneys for Defendant Salem Masonry Co., Inc. d/b/a Salem Masonry)*

Del Mauro, Digiaimo, Knepper & Heck
Louis P. Digiaimo, Esq.
8 Headquarters Plaza, North Tower
Morristown, NJ 07960

    *(Attorneys for Defendant Padovano Frankel Vouga Agency)*

Morgan, Melhuish, Monaghan, Arvidson, Abrutyn & Lisowski
Elliot Abrutyn, Esq.
651 W. Mt. Pleasant Ave., Suite 200
Livingston, NJ 07039-1673

    *(Attorneys for Defendant Covenant Program Brokers, Inc.)*

Law Offices of Joseph Pontoriero
By: John D. O'Dwyer, Esq.
96 Garden St.
P.O. Box 5478
Newark, NJ 07105

    *(Attorneys for Defendant Nuno Alexandre)*

Golden, Rothschild, Spagnola, Lundell, Levitt & Boylan, P.C.
Christopher H. Westrick, Esq.
1011 Route 22 West, Suite 300
P.O. Box 6881
Bridgewater, NJ 08807

*(Attorneys for Intervenor Defendant Granite State Insurance Company)*

   Re: Alea N. Am. Ins. Co. v. Salem Masonry, et al.
      Docket No.: 03-2927 (WJM)

Dear Counsel:

  This matter comes before the Court on Defendant Padovano Frankel Vouga Agency's ("Padovano") motion pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1(g) for reconsideration of those parts of the Court's December 13, 2004 Order granting Plaintiff Alea North America Insurance Company ("Alea") monetary relief on Counts One and Two of its Complaint. The motion was joined by Salem Masonry Co., Inc. d/b/a Salem Masonry ("Salem"). By Order dated February 14, 2005, the Court stayed Paragraphs 2–3, 6, and 10 of the December 13, 2004 Order (granting summary judgment on Counts One and Two, dismissing Count Three as moot, ordering repayment of monies paid out by Alea, and dismissing the remaining state law claims in this action) pending further briefing by the parties regarding Alea's entitlement to the monetary relief it seeks in this action. There was oral argument on April 19, 2005. For the reasons set forth below, the motion is **GRANTED** and the December 13, 2004 and February 14, 2005 Orders are vacated and superceded as indicated herein and set out in the accompanying Order.

## BACKGROUND

  The Court will not recapitulate all the background facts here. Instead, the Court refers the parties to its August 12 and December 13, 2004 Opinions. For present purposes, it is sufficient to note that the underlying action seeks to rescind a workers' compensation policy issued to Salem by Alea based on a material misrepresentation and to recover monies Alea already has paid out on that policy. The Court concluded in its August 12, 2004 Opinion that the insurance application question in response to which the alleged material misrepresentation was made was ambiguous and therefore denied all motions for summary judgment, holding that what was meant by the question "is an issue of fact for the jury to decide." (*See* August 12, 2004 Opinion at 6–7.) On reconsideration, the Court concluded that Alea had in fact properly made out its case for equitable fraud and, therefore, granted Alea summary judgment on Counts One and Two of the Complaint. (*See* December 13, 2004 Opinion.) These counts, brought against policyholder Salem and insurance broker Padovano respectively and asserted under the theory of equitable fraud, seek an Order: (1) declaring the misrepresentation material and fraudulent and, therefore, voiding the policy; (2) declaring that Alea has no obligation to provide coverage for Alexandre's claim; and (3) directing the return of monies already paid by Alea on Alexandre's claim.

Because the Court, in granting summary judgment, granted all the relief sought in Counts One and Two, the December 13, 2004 Order also dismissed as moot Count Three.

Padovano and Salem now seek reconsideration of those parts of the December 13, 2004 Order directing Salem and Padovano to repay Alea the monies it paid out on the void policy.

## ANALYSIS

A motion under Rule 7.1(g) may be granted if "necessary to correct a clear error of law or prevent manifest injustice." *Database Am., Inc. v. BellSouth Advertising & Publ'g Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993). In this case, the Court agrees that it erred in awarding monetary relief on Counts One and Two of the Complaint in connection with Alea's motion for summary judgment.

As the Court's December 13, 2004 Opinion and the Alea's summary judgment briefs make perfectly clear, Counts One and Two are brought under the theory of equitable fraud. Indeed, it was on this theory that the Court, after concluding that there were no issues of material fact, granted Alea summary judgment on Counts One and Two. However, that Alea has made out a case of equitable (as opposed to legal) fraud *does not* entitle it to monetary relief. Alea has conceded as much. (*See* Alea's Letter Brief dated April 21, 2005.) "In an action for equitable fraud, the only relief that may be obtained is equitable relief, such as rescission or reformation of an agreement[,] and not monetary damages." *Enright v. Lubow*, 493 A.2d 1288, 1296 (N.J. App. Div. 1985) (citing cases). That this is so is consistent with the fact that a lesser showing is required to make out equitable fraud than is required to make out legal fraud: "The elements of scienter, that is, knowledge of the falsity and an intention to obtain an undue advantage, are not essential if plaintiff seeks to prove that a misrepresentation constituted only equitable fraud." *Owens-Ill., Inc. v. United Ins. Co.*, 625 A.2d 1, 33 (N.J. App. Div. 1993), *rev'd on other grounds*, 650 A.2d 974 (N.J. 1994).

Because monetary damages are unavailable on a showing of only equitable fraud, Alea is not entitled to the money damages it seeks in Counts One and Two. Nor is Alea entitled to recover these monies at this point from Intervenor Defendant Granite State Insurance Company ("Granite State") pursuant to N.J.S.A. 34:15-79, given that Alea has yet to plead any claims against Granite State. Alea has not cited, nor is the Court aware of, any law empowering this Court to award such relief simply by virtue of Granite State's status as an intervening defendant. Adjudication of any claim by Alea against Granite State will, therefore, have to wait until such a claim is properly in this action.

## CONCLUSION

For the foregoing reasons, Padovano and Salem's motion for reconsideration is **GRANTED**. For the sake of clarity and simplicity, the Court will not further amend its December 13, 2004 and February 14, 2005 Orders but instead will vacate and supercede them with the accompanying Order. The accompanying Order, which is based on the reasoning set forth here and in the Letter Opinion accompanying the December 13, 2004 Order: (1) **GRANTS**

Alea's motion for summary judgment, awarding *only* the equitable relief sought in that motion; (2) is silent as to and leaves for further adjudication Count Three; (3) **DISMISSES WITH PREJUDICE** Salem's counterclaim; (4) **DISMISSES WITH PREJUDICE**, by agreement of the parties, all claims and crossclaims asserted against Defendant Covenant Broker Program; and (5) is silent as to and leaves for further adjudication the various state law cross claims. Finally, given the concerns raised in the April 25, 2005 letter submitted by counsel for Padovano, the Order directs the parties to meet and confer within ten (10) days regarding an appropriate schedule for concluding discovery on Count Three and for the submissions of any dispositive motions thereon. The Court expects that these matters will be resolved before Judge Ronald J. Hedges.

  An appropriate Order accompanies this Letter Opinion.

            s/William J. Martini

            **WILLIAM J. MARTINI, U.S.D.J.**

cc:  The Honorable Ronald J. Hedges, U.S.M.J.